Corinne Chandler – State Bar No. 111423
  E-mail: cchandler@kantorlaw.net
Glenn R. Kantor - State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Susan L. Meter – State Bar No. 236133
  Email: smeter@kantorlaw.net
KANTOR & KANTOR, LLP
10085 Carroll Canyon Rd., #230
San Diego, CA 92131
Telephone: (858) 367-3668
Facsimile: (858) 566-7015

Attorneys for Plaintiff,
DEANNA CHAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA CHAN,<br><br>             Plaintiff,<br><br>     vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, AND LOYOLA MARYMOUNT UNIVERSITY WELFARE BENEFITS PLAN,<br><br>             Defendant. | CASE NO.<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

   Plaintiff, Deanna Chan, herein sets forth the allegations of her Complaint against Defendants Hartford Life and Accident Insurance Company and Loyola Marymount University Welfare Benefits Plan.

PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as a Defendant. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due her under her plan, prejudgment and postjudgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Loyola Marymount University, and is currently a resident in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes that Defendant Hartford Life and Accident Insurance Company ("Hartford") is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4. Plaintiff is informed and believes that Defendant Loyola Marymount University Welfare Benefits Plan ("LTD Plan") is an employee welfare benefit plan regulated by ERISA, established by Loyola Marymount University, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Plaintiff is informed and believes that Hartford is the insurer of benefits under the LTD Plan, Policy Number GLT402280, and acted in the capacity of the plan insurer and plan claims administrator.

6. Plaintiff is informed and believes that Policy Number GLT402280 was issued with the intent to provide long term disability coverage to residents of the State of California.

7. Plaintiff is informed and believes that the Policy was in effect after January 1, 2012. The policy had an annual contract year commencing January 1, 2012.

8. The Policy was renewed after January 1, 2012.

9. Plaintiff is informed and believes that the Policy had an anniversary date after January 1, 2012.

## FIRST CLAIM FOR RELIEF
## AGAINST THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND LOYOLA MARYMOUNT UNIVERSITY LONG TERM DISABILITY PLAN FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

10. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

11. At all times relevant, Plaintiff was employed by Loyola Marymount University, and was a covered participant under the terms and conditions of the LTD Plan.

12. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff

was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

13. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Hartford for LTD benefits under the LTD Plan. Hartford assigned Plaintiff claim number 9005084492.

14. On or about February 27, 2018, Defendant erroneously and wrongfully denied Plaintiff's claim for LTD benefits.

15. On or about October 1, 2018, Plaintiff timely appealed the denial of her claim for LTD benefits. In said appeal, plaintiff requested the opportunity to review and comment on any expert opinions obtained by Hartford during the appeal:

> To the extent that Hartford determines, during the course of the appeal, that it wishes to consult or retain additional consultants, reviewers or vendors, not identified in the original file provided to Ms. Chan, particularly insofar as they may relate to any new evidence or information, we request the opportunity to comment on any reports by said vendors or physicians prior to the ultimate decision on appeal. *See, Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666 (9th Cir. 2011). See also* Department of Labor Regulatory Rules and Regulations regarding Claims Procedure for Plans Providing Disability Benefits, *29 CFR Part 2560 RIN 1210-AB39, Federal Register Vol. 81, No. 243 December 19, 2016* ("The objective of these provisions is to ensure the claimant's ability to obtain a full and fair review of denied disability claims by explicitly providing that claimants have a right to review and respond to new or additional evidence or rationales developed by the plan during the pendency of the appeal, as opposed merely to having a right to such information on request only after the claim has already been denied on appeal, as some courts have held under the Section 503 Regulation….

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

16. Upon information and belief, plaintiff alleges that Hartford contends that it upheld its claim decision on or about November 13, 2018. Plaintiff was not notified of said decision until January 11, 2019.

17. Despite plaintiff's request, Hartford did not give plaintiff the opportunity to review or comment on reports commissioned by Hartford during the appellate review of the claim.

18. Defendants Hartford and the LTD Plan breached the Plan and violated ERISA in the following respects:

(a) They failed to pay LTD benefit payments to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

(b) They failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was effectively denied, Hartford failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(d) They failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

(e) They failed to give plaintiff the opportunity to review and comment on reports generated during the appeal, depriving plaintiff of her right of full and fair review.

19. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the LTD Plan by other acts or

omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

20. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

21. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and Hartford, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

22. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

23. The wrongful conduct of the LTD Plan and Hartford has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to an award of her LTD benefits, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  February 1, 2019                         KANTOR & KANTOR, LLP

                                          By   */s/ Corinne Chandler*
                                              Corinne Chandler
                                              Attorney for Plaintiff
                                              Deanna Chan

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525